**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| | : | |
| | : | **CRIMINAL ACTION** |
| **v.** | : | **No. 26-201** |
| | : | |
| **STEVEN JACOBS** | : | |

**McHUGH, J.**                                                                                    **MAY 14, 2026**

**MEMORANDUM**

Defendant Steven Jacobs faces an active prosecution in the Philadelphia Court of Common Pleas and seeks to remove his state criminal case to federal court.  *See* ECF 1. Because the removal is untimely, and because Mr. Jacobs has failed to establish any of the narrow bases for removal of a state criminal prosecution, this action will be remanded to the Philadelphia Court of Common Pleas.

First, Mr. Jacobs's removal is untimely.  Under 28 U.S.C. § 1455(b)(1), a notice of removal must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless the defendant shows good cause for his late filing.  Here, Mr. Jacobs was arraigned on February 6, 2026 and has not yet stood trial.  *See* Criminal Docket, *Commonwealth v. Jacobs*, CP-51-CR-0000507-2026 (Pa. Ct. C.P. Phila. Cnty.).[1]  More than 30 days have passed since February 6, 2026, and Mr. Jacobs has not shown good cause for the delay.

---

[1] I am permitted to take judicial notice of the contents of another Court's docket.  *See Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).

Second, the action must be remanded because Mr. Jacobs has not satisfied any of the limited grounds on which removal of a criminal case is permitted.[2]  Those grounds are set forth in three statutes: 28 U.S.C. §§ 1442, 1442a, and 1443.  *Id.*  Section 1442 allows removal of state criminal actions brought against "federal officers and agencies for acts done under color of law." *Id.*  Section 1442a permits removal of criminal prosecutions brought against a member of the armed forces for an act done "under color of his office or status." *Id.*  Lastly, § 1443 authorizes removal of criminal prosecutions in two situations.  § 1443(1) permits removal when a defendant "is denied or cannot enforce" in the state court "a right under any law providing for the equal civil rights of citizens."  To invoke this subsection, the defendant must show that he was deprived of rights guaranteed by a federal law that provides for "specific civil rights stated in terms of racial equality." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997); *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).  § 1443(2) authorizes removal by federal officers and "those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," and removal by state officers  prosecuted for refusal to perform  an act because it would be inconsistent with federal civil rights law. *City of Greenwood v. Peacock*, 384 U.S. 808, 824, 824 n.22 (1966); *see* 28 U.S.C.

None of these situations applies to Mr. Jacobs.  He has not shown that he is a member of the military or is an eligible federal or state officer.  And though he invokes the phrase "racial equality – [imminent] danger" in his removal notice, he only points to one Bucks County trial court decision from 1966, which concluded that the Pennsylvania Rules of Criminal Procedure entitled

---

[2] A notice of removal must explicitly state all relevant grounds for removal.  *See* 28 U.S.C. § 1455(b)(2). Any unstated grounds are waived unless the Court finds good cause shown. *Id.*

the defendant in that case to be present at his preliminary hearing.  *See* ECF 1 at 1 (citing *Commonwealth v. Flood*, 41 Pa. D. & C.2d 404 (Pa. Ct. C.P. Bucks Cnty., Nov. 10, 1966).  This does not suffice for a "law providing for specific civil rights stated in terms of racial equality" under 28 U.S.C. § 1443(1).  *Glanton*, 107 F.3d at 1047.  Finally, Mr. Jacobs gives no explanation as to how his rights were violated at his preliminary hearing and arraignment.[3]

Given these procedural and substantive defects, this case will be remanded to state court. An appropriate order follows.

  /s/ Gerald Austin McHugh
United States District Judge

---

[3] Mr. Jacobs states at the outset that he "did not have a full hearing," and noted on the next page that he "did not get to face [his] accuser."  ECF 1 at 1-2.  He offers no further elaboration or context for the excerpts of the proceeding that he submitted.